**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NOEL FLORES,<br>PLAINTIFF,<br><br>v.<br><br>GENERAL INFORMATION SERVICES, INC.,<br>DEFENDANT. | Civil Action No. ____________<br><br><br><br>**COMPLAINT**<br>**WITH JURY TRIAL DEMAND** |

## PRELIMINARY STATEMENT

1. The United States Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"), based on its finding that consumer reporting agencies have assumed a vital role in assembling and evaluating information on consumers for credit, insurance, employment, and other purposes, and that consumer reporting agencies must exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy.

2. Under the FCRA, consumer reporting agencies are charged with two primary duties relevant here: the duty to follow reasonable procedures to assure maximum possible accuracy of the information they report, 15 U.S.C. § 1681e(b), and the duty to reasonably reinvestigate a consumer's dispute of inaccurate or incomplete information, 15 U.S.C. § 1681i.

3. These duties apply with particular force where, as here, a consumer reporting agency furnishes a report "for employment purposes" under 15 U.S.C. §§ 1681a(h) and 1681b(b), because an inaccurate report can cost a consumer a job, a promotion, or continued employment before he ever has a meaningful opportunity to correct the record.

4. Defendant, General Information Services, Inc. ("GIS"), compiled, maintained, and reported information concerning Plaintiff, Noel Flores, to his prospective employer, the United States Postal Service ("USPS"), that GIS's own file demonstrates was false: GIS reported a "Hit" for an "Expired or Invalid License" even though the very same report showed that Mr. Flores held a current, valid New York driver's license.

5. This action for damages is based on GIS's inaccurate reporting of Mr. Flores's driver's license status, and its failure to follow reasonable procedures to assure maximum possible accuracy and to conduct a reasonable reinvestigation after Mr. Flores disputed the error.

## PARTIES

6. Plaintiff, Noel Flores ("Mr. Flores" or "Plaintiff"), is an individual, natural person, and a "consumer" as that term is defined at 15 U.S.C. § 1681a(c).

7. Defendant, General Information Services, Inc. ("GIS"), regularly assembles and/or evaluates information on consumers, including criminal history, employment history, education, and motor vehicle records, for the purpose of furnishing consumer reports to third parties, including employers such as USPS, for monetary compensation, and uses the mails and/or other facilities of interstate commerce in connection with the preparation and furnishing of such reports. Accordingly, GIS is a "consumer reporting agency" as that term is defined by the FCRA at 15 U.S.C. § 1681a(f), and the report GIS furnished regarding Mr. Flores was a "consumer report" furnished for "employment purposes" as those terms are defined at 15 U.S.C. §§ 1681a(d) and 1681a(h). GIS's principal place of business is located at 917 Chapin Road, Chapin, South Carolina 29036, and GIS regularly conducts business in the State of New York and within this District.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a), because those claims arise from the same case or controversy as Plaintiff's federal claims.

10. Pursuant to 28 U.S.C. § 1391, venue is proper in this district because Plaintiff resides in Bronx County, New York, within this District, and because a substantial part of the events or omissions giving rise to the claims occurred within this District, including Mr. Flores's receipt of GIS's inaccurate consumer report and adverse action letters within this District.

## ALLEGATIONS OF FACT

11. Mr. Flores applied for employment with the United States Postal Service ("USPS"). In connection with that application, USPS obtained a pre-employment background check on Mr. Flores from GIS (USPS Case/Work Order No. 100578071; Position Applied ID No. 1175429; Account: USPSHR / USPS HR Avature Interface Account).

12. On or about March 26, 2026, GIS furnished Mr. Flores's report to Mr. Flores.

13. The Driving History (MVR) section of GIS's report listed Mr. Flores's New York personal driver's license (License No. 979697200) as Issued December 18, 2025, Expiring November 14, 2033, Status: VALID.

14. The only "expired" entries anywhere in Mr. Flores's driving record were two prior, superseded license classifications (Class E and Class D), each expressly designated a "Historical License" with a "Status Code: EXPIRED (SUPERSEDED)" — the ordinary artifact of a license being renewed or reclassified, not evidence that Mr. Flores's current, operative license was expired or invalid.

15. Despite its own underlying data showing that Mr. Flores held a current, valid driver's license, GIS's automated Grading Results classified the Motor Vehicle Report service as

"MVR: Expired or Invalid License" and flagged Mr. Flores's file as a "Hit", i.e., a negative finding likely to result in an adverse employment decision and a literal red flag.

16. GIS's report thus contained an internal contradiction on its face: the Grading Results section reported a negative "Hit" for an expired or invalid license, while the Driving History (MVR) section of that very same report, a few lines below, showed that Mr. Flores's only current personal license was valid, unexpired, and not due to expire until 2033.

17. On or about March 26, 2026, GIS generated and mailed Mr. Flores a "pre-adverse action" letter enclosing a copy of the background report bearing the inaccurate "MVR: Expired or Invalid License" grading, together with a copy of the FCRA Summary of Rights and a Dispute Request Form. The letter gave Mr. Flores five business days to dispute the report before USPS completed its review and, in GIS's words, "may take action based on the enclosed report."

18. Mr. Flores timely disputed the "Expired or Invalid License" finding with GIS and submitted a driving abstract confirming that his license was valid.

19. Despite Mr. Flores's dispute and the driving abstract he submitted, GIS did not correct the inaccurate "Expired or Invalid License" classification in his file.

20. On or about April 1, 2026, GIS sent Mr. Flores a final Adverse Action letter, stating that USPS "has elected not to extend you an offer of employment," that GIS itself did not make that decision, and that Mr. Flores "already received a copy of your report . . . and had the opportunity to dispute" it before the decision was made.

21. The background report attached to GIS's April 1, 2026 letter still carried the identical, uncorrected "MVR: Expired or Invalid License" grading and the same underlying "VALID" license data as the March 26, 2026 report. GIS thus reissued the same inaccurate "Hit" a second time — after Mr. Flores had already disputed it — without correction.

22. As a direct and proximate result of GIS's inaccurate report, USPS did not initially extend Mr. Flores an offer of employment.

23. Although Mr. Flores was eventually hired by USPS, the episode adversely affected his employment and opportunities for advancement.

24. As a direct and proximate result of GIS's inaccurate report, Mr. Flores spent time and effort disputing the inaccuracies contained therein.

25. As a direct and proximate result of GIS's inaccurate report, Mr. Flores has suffered from anxiety, loss of sleep, loss of appetite, and his reputation has been harmed.

26. Upon information and belief, GIS still has not corrected the inaccurate "Expired or Invalid License" designation in Mr. Flores's file as of the filing of this Complaint.

***Plaintiff's Section 1681e(b) Claim***

27. The FCRA requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the [consumer] report relates." 15 U.S.C. § 1681e(b).

28. GIS's own report demonstrates that it did not follow reasonable procedures to assure maximum possible accuracy: GIS's automated grading system generated a negative "Hit" for an "Expired or Invalid License" that was directly and facially contradicted by the Driving History (MVR) data contained in that very same report, which showed Mr. Flores's only current license to be valid and unexpired for another seven years.

29. A reasonable procedure would have reconciled, or at minimum flagged for human review, the contradiction between GIS's own Grading Results and the underlying driving-record data before GIS reported a "Hit" to USPS, and before GIS mailed that same "Hit" to Mr. Flores not once, but twice, in successive reports issued a week apart.

30. GIS's automated grading logic evidently treated a "Historical License" record marked "EXPIRED (SUPERSEDED)" — the routine byproduct of Mr. Flores's license having been renewed or reclassified — as if it reflected the status of his current, active license, rather than distinguishing between a superseded historical license entry and the consumer's operative license.

31. GIS's failure to catch or correct this facial contradiction, in a report it knew would be used to make an employment decision, was neither reasonable nor consistent with the "maximum possible accuracy" the FCRA demands.

***Plaintiff's Section 1681i Claim***

32. Once a consumer disputes the completeness or accuracy of information in his file, the FCRA requires the consumer reporting agency to conduct a reasonable reinvestigation, generally within 30 days, to determine whether the disputed information is inaccurate, and to review and consider all relevant information submitted by the consumer. 15 U.S.C. § 1681i(a)(1), (a)(4).

33. If the reinvestigation does not verify the accuracy of the disputed information, or if the information is found to be inaccurate, incomplete, or unverifiable, the consumer reporting agency must promptly delete or modify the information. 15 U.S.C. § 1681i(a)(5).

34. Mr. Flores disputed the "Expired or Invalid License" finding with GIS and provided a driving abstract that corroborated exactly what GIS's own file already showed — that his license was valid, current, and not due to expire until November 2033.

35. Notwithstanding that dispute and the supporting documentation Mr. Flores provided, GIS's subsequent April 1, 2026 report to USPS carried the identical, uncorrected "MVR: Expired or Invalid License" grading.

36. GIS's continued reporting of the identical "Hit," after Mr. Flores disputed it and supplied documentation resolving any doubt about his license status, demonstrates that GIS either

failed to conduct any reinvestigation at all, or conducted one so deficient that it could not catch an inaccuracy apparent on the face of GIS's own records.

37. Upon information and belief, GIS's file continues to reflect the inaccurate "Expired or Invalid License" designation to this day, meaning GIS has never corrected the error notwithstanding Mr. Flores's dispute.

**COUNT I**

**VIOLATIONS OF THE FCRA — 15 U.S.C. § 1681e(b)**

38. GIS violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished to USPS regarding Mr. Flores.

39. As a result of GIS's violation of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to loss of an employment opportunity and delayed hiring, lost wages and employment benefits, harm to reputation, emotional distress, and other pecuniary and non-pecuniary losses.

40. GIS's violation was willful, rendering GIS liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, GIS was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from GIS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT II**

**VIOLATIONS OF THE FCRA — 15 U.S.C. § 1681i**

42. GIS violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation of Mr. Flores's dispute and to determine whether the disputed "Expired or Invalid License" information was inaccurate.

43. GIS violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information Mr. Flores submitted in connection with his dispute, including the driving abstract confirming his license was valid.

44. GIS violated 15 U.S.C. § 1681i(a)(5) by failing to promptly delete or modify the "Expired or Invalid License" information after it was disputed and shown to be inaccurate, incomplete, or unverifiable.

45. As a result of GIS's violations of 15 U.S.C. § 1681i, Plaintiff suffered actual damages, including but not limited to loss of an employment opportunity and delayed hiring, lost wages and employment benefits, harm to reputation, emotional distress, and other pecuniary and non-pecuniary losses.

46. GIS's violations were willful, rendering GIS liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, GIS was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from GIS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III

## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 380-j

48. New York General Business Law § 380-j requires a consumer reporting agency to maintain reasonable procedures to assure maximum possible accuracy of the information it reports about a consumer.

49. GIS violated GBL § 380-j by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished to USPS regarding Mr. Flores, for the same reasons alleged above.

50. As a result of GIS's violation of GBL § 380-j, Plaintiff suffered actual damages, including but not limited to loss of an employment opportunity and delayed hiring, lost wages and employment benefits, harm to reputation, emotional distress, and other pecuniary and non-pecuniary losses.

51. GIS's violation was willful, rendering GIS liable for damages pursuant to GBL § 380-l. In the alternative, GIS was negligent, entitling Plaintiff to recovery under GBL § 380-m.

52. Plaintiff is entitled to recover actual damages, costs, and attorney's fees from GIS in an amount to be determined by the Court pursuant to GBL §§ 380-l and 380-m.

**COUNT IV**

**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 380-f**

53. New York General Business Law § 380-f requires a consumer reporting agency to promptly reinvestigate a disputed item and to correct or delete it if it is found to be erroneous or can no longer be verified, and further provides that the mere presence of contradictory information in a consumer's file is not, by itself, grounds to treat a dispute as frivolous.

54. GIS violated GBL § 380-f by failing to promptly and properly reinvestigate Mr. Flores's dispute of the "Expired or Invalid License" finding and by failing to correct that information notwithstanding the driving abstract Mr. Flores submitted and the contradictory data already present in GIS's own file.

55. As a result of GIS's violation of GBL § 380-f, Plaintiff suffered actual damages, including but not limited to loss of an employment opportunity and delayed hiring, lost wages and

employment benefits, harm to reputation, emotional distress, and other pecuniary and non-pecuniary losses.

56. GIS's violation was willful, rendering GIS liable for damages pursuant to GBL § 380-l. In the alternative, GIS was negligent, entitling Plaintiff to recovery under GBL § 380-m.

57. Plaintiff is entitled to recover actual damages, costs, and attorney's fees from GIS in an amount to be determined by the Court pursuant to GBL §§ 380-l and 380-m.

**JURY DEMAND**

58. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant General Information Services, Inc. for actual, statutory, and punitive damages; for his costs and attorney's fees; for prejudgment and post-judgment interest; and for any other relief this Court deems just and proper.

Dated: September 8, 2026

Respectfully submitted:

*/s/ Randall Steketee*

**Randall Steketee, Esq.**
Attorney for Plaintiff
**The Steketee Law Firm, LLC**
254 W. 31st Street, 6th Floor
New York, NY 10001
Phone: 917-819-2966
Fax: 917-398-7070
randall@steklawfirm.com